T.C. Summary Opinion 2007-163


UNITED STATES TAX COURT


ALI AND ARLENE MOHAMMADPOUR, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 3787-06S.              Filed September 12, 2007.


Ali Mohammadpour, pro se.

Emly B. Berndt, for respondent.


JACOBS, Judge:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.[1]  Pursuant to section 7463(b), the decision to be entered is not reviewable by any

_____

[1]Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined a $1,410 deficiency in petitioners' 2003 Federal income tax. The underlying issue to be resolved is whether Ali Mohammadpour's (Mr. Mohammadpour) gambling activity constituted a trade or business. Resolution of this issue will affect petitioners' entitlement to a claimed child tax credit and the amount of petitioners' allowable itemized deductions.

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the exhibits attached thereto are incorporated herein by this reference.

Mr. Mohammadpour is a certified public accountant. During 2003, he conducted an accounting services business as a sole proprietorship. Arlene Mohammadpour was employed elsewhere as a payroll clerk.

Petitioners timely filed a joint Form 1040, U.S. Individual Income Tax Return, for 2003 in which they reported adjusted gross income of $59,917 and claimed a child tax credit of $1,200. In computing their adjusted gross income, petitioners reported $41,246 of wage income and, by means of a Schedule C, Profit or Loss From Business, reported $21,553 of net profit from Mr.

Mohammadpour's accounting services business.[2]  Petitioners included a second Schedule C with their return in which they reported $83,451 of gross income from Mr. Mohammadpour's gambling activity which was offset by gambling losses in the same amount.[3]

On the basis of information provided to respondent by means of Form W-2G, Certain Gambling Winnings,[4] respondent adjusted petitioners' 2003 return to reflect gross income from gambling of $84,730 ($1,279 more than petitioners reported), as well as an additional $3 of interest income.  Petitioners do not dispute these adjustments.  Respondent also determined that Mr. Mohammadpour's gambling activity did not constitute a trade or business, and therefore his losses from gambling should not have

---

[2]In their 2001 return, petitioners reported $76,181 of wage income and $7,252 of net profit from Mr. Mohammadpour's accounting services business.  In 2002, petitioners reported $60,638 of wage income and $26,712 of net profit from Mr. Mohammadpour's accounting services business.  In 2004, petitioners reported $41,986 of wage income and $50,900 of net profit from Mr. Mohammadpour's accounting services business. Petitioners consistently reported Mr. Mohammadpour's occupation as that of accountant.

[3]Petitioners first reported Mr. Mohammadpour's gambling activity on their 2001 return, where they reported $3,333 of gambling income and claimed a deduction of $3,333 on Schedule A, Itemized Deductions, for a gambling loss.  In their 2002 return, petitioners reported, by means of Schedule C, $23,793 of gambling income offset by gambling losses in the same amount.  In their 2004 return, petitioners reported, by means of Schedule C, $75,347 of gambling income offset by gambling losses in the same amount.

[4]Generally, gambling winnings are reportable to the Internal Revenue Service (IRS) by the payer (with a statement provided to the winner) if the payment is $600 or more.  See sec. 6041(a).

been reported as a loss from business.  Instead, respondent allowed a deduction of $83,451 for the claimed loss from gambling as a Schedule A itemized deduction.

Reclassification of Mr. Mohammadpour's gambling activity resulted in the disallowance of petitioners' claimed child tax credit and in a reduction in the amount of otherwise allowable itemized deductions.

## Discussion

As a general rule, the Commissioner's determinations in the notice of deficiency are presumed correct, and the burden of proving an error is on the taxpayer.  Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).  Petitioners have neither claimed nor shown that they satisfied the requirements of section 7491(a) to shift the burden of proof to respondent.  Hence, petitioners bear the burden of proving that respondent's deficiency determinations are incorrect.

In general, all ordinary and necessary expenses paid or incurred in carrying on a trade or business during the taxable year are deductible.  Sec. 162(a).  A taxpayer may have more than one trade or business.  Curphey v. Commissioner, 73 T.C. 766 (1980); Calvao v. Commissioner, T.C. Memo. 2007-57; Barrish v. Commissioner, T.C. Memo. 1984-602.

For a taxpayer engaged in the trade or business of gambling, gambling losses are deductible from gross income in arriving at adjusted gross income.  See sec. 62.  However, for a taxpayer not in the trade or business of gambling, gambling losses are not taken into account in computing adjusted gross income but rather are deductible as an itemized deduction in arriving at taxable income.  See sec. 63(a).[5]

Petitioners do not dispute that if they are required to report Mr. Mohammadpour's gambling losses as an itemized deduction, they are not entitled to the child tax credit and their itemized deductions are as determined by respondent.  However, they contest respondent's categorization of Mr. Mohammadpour's losses from gambling as an itemized deduction, claiming that his gambling activity was a trade or business.

The Supreme Court, in Commissioner v. Groetzinger, 480 U.S. 23 (1987), held that a taxpayer may be in the trade or business of gambling where he or she engages in the gambling activity with continuity and regularity and with the primary purpose of making a profit.  A sporadic activity, hobby, or amusement diversion

---

[5]Regardless of whether a taxpayer's gambling activity constitutes a trade or business, sec. 165(d) provides:  "Losses from wagering transactions shall be allowed only to the extent of the gains from such transactions."  See also sec. 1.165-10, Income Tax Regs.  Petitioners do not dispute that sec. 165(d) limits their gambling loss deduction to the amount of their winnings.  Nor do they seek to offset gambling losses against income from other sources or to carry over gambling losses to other tax years.

does not qualify.  Id. at 35.  Resolution of the issue of whether gambling activity constitutes a trade or business requires an examination of the facts in each case.  Id. at 36; Higgins v. Commissioner, 312 U.S. 212, 217 (1941).

The taxpayer in Groetzinger pursued his gambling activity full time, attending the racetrack 6 days a week for 48 weeks (or 288 days) during the tax year in question and devoting 60 to 80 hours each week to gambling-related endeavors.  He had no profession or type of employment (other than gambling) during the 48-week period and kept detailed records of his daily winnings and losses.

Mr. Mohammadpour, in contrast, dedicated approximately 900 hours to his gambling activity in 2003 (or approximately 17 hours per week on average), which appear to have been distributed over 136 days.  Petitioners reported no net income from Mr. Mohammadpour's gambling activity on their return for 2001, 2002, 2003 (the year in issue), or 2004 but reported substantial amounts of wage income and net profit from Mr. Mohammadpour's accounting services business over that period.  It is evident, and Mr. Mohammadpour admitted, that petitioners relied on other sources of income for their livelihood for 2003 as in other years.[6]

---

[6]Cf. Barrish v. Commissioner, T.C. Memo. 1984-602, in which the taxpayer, listing his occupation on his returns as
(continued...)

Also in contrast to the taxpayer in <u>Commissioner v. Groetzinger</u>, <u>supra</u>, petitioners did not keep reliable records of Mr. Mohammadpour's gambling activity. This was due in part to error,[7] and also to the fact that Mr. Mohammadpour intentionally ignored, for record-keeping purposes, bets on which he won less than $600 and which therefore were not reported to the IRS by means of Form W-2G. These winning bets of less than $600 made up approximately 10 percent of all Mr. Mohammadpour's bets. In other words, petitioners adopted record-keeping practices which would merely approximate Mr. Mohammadpour's gambling performance. Such is inconsistent with a conclusion that Mr. Mohammadpour engaged in his gambling activity with the primary purpose of making a profit. As we found in <u>Calvao v. Commissioner</u>, <u>supra</u>: "[P]etitioner's efforts * * * are consistent with the desire to win money * * *. However, we find petitioner's desire to win money and his strategy for doing so is also consistent with gambling purely for its entertainment or recreational aspects."

On the record before us, we are unable to conclude that Mr. Mohammadpour's gambling activity was a trade or business. Even

----

[6](...continued)
"Attorney/Handicapper" and "Attorney/Greyhound Racing Wagerer", reported $20,373 of net income from his gambling activity and $20,550 from his business as an attorney.

[7]Mr. Mohammadpour testified that in preparing petitioners' 2003 return he overlooked some records of winnings and "we did not account for the recent amounts of perhaps no more than $10,000 maximum."

as a second trade or business to that of Mr. Mohammadpour's accounting services business, we do not detect the level of continuity or regularity of gambling activity that is required by Commissioner v. Groetzinger, supra.  Furthermore, we cannot say that the primary purpose of Mr. Mohammadpour's gambling activity was to make a profit.

Concluding, we hold that respondent properly disallowed petitioners' claimed gambling loss other than as an itemized deduction.  Consequently, petitioners are not entitled to the child tax credit, and their itemized deductions are as determined by respondent.

To reflect the foregoing,

Decision will be entered

for respondent.